IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RONALD SCHROEDER, | )<br>) |
| Plaintiff | )<br>) |
| v. | ) Case. No.<br>) |
| CITY OF MUSKEGO, WISCONSIN | )<br>) |
| | ) Jury Demand |
| Defendant. | )<br>) |

**COMPLAINT**

Plaintiff, by his attorneys, brings this action against Defendant City of Muskego, Wisconsin, and alleges as follows:

**Nature of the Case**

1. This case arises under 42 U.S.C. §1983 and challenges the constitutionality of certain provisions of §294 of the Municipal Code of the City of Muskego, Wisconsin ("the Ordinance"). The Ordinance restricts the locations where individuals who have been convicted of sex offenses may reside in Muskego ("the City"). A copy of the Ordinance is attached hereto as Exhibit A. Plaintiff contends that the challenged provisions of the Ordinance are irrational and overly broad in violation of the Fourteenth Amendment of the United States Constitution.

2. In particular, Plaintiff challenges the following three provisions of the Ordinance:

   (1) Section 294-2 of the Ordinance subjects anyone who has committed a "sexually violent offense" to the Ordinance's restrictions and defines a "sexually violent offense" as any offense under Wis. Stats. § 980.16(6), which includes offenses against adult victims;

1

(2) Section 294-3(A) of the Ordinance makes it illegal for individuals subject to the Ordinance to live within 1,250 feet of an array of prohibited locations, including public libraries, parks/conservation areas, athletic fields used by children, aquatic facilities open to the public, and golf courses;

(3) Section 294-3(D) of the Ordinance imposes what is typically called an "original domicile provision," which prohibits anyone subject to the Ordinance from living in Muskego unless they were "domiciled in the City of Muskego" at the time of the offense.

3. Plaintiff seeks temporary and permanent injunctive relief, as well as declaratory relief, on the grounds that these sections are, in combination and individually, unconstitutional on their face and as applied. Plaintiff also seeks nominal and compensatory damages for the injuries associated with the deprivation of his constitutional rights.

## Jurisdiction and Venue

4. Jurisdiction for Plaintiff's claims is based on 28 U.S.C. §§1331 and 1343(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), in that the events giving rise to the Plaintiff's claims arose in this district.

## The Parties

6. Defendant City of Muskego is a municipal corporation located in Waukesha County, Wisconsin. Defendant is governed by an elected City Council, which, among other things, is empowered to enact ordinances.

7. Plaintiff Ronald Schroeder is a resident of Waukesha, Wisconsin. He is an "offender" as that term is defined by the Ordinance, and thus subject to its

restrictions. He seeks to live in the City but is prohibited from doing pursuant to the Ordinance.

## Facts Relevant to the Plaintiff

8. Plaintiff Ronald Schroeder is a 50-year-old resident of Waukesha, Wisconsin, who was convicted in 2008 of two counts of Second Degree Sexual Assault of an Unconscious Person (Wis. Stats. § 940.225(2)(d)). The victim was Schroeder's then adult live-in girlfriend and regular intimate partner. As a result of his conviction, he is an Offender under the Ordinance.

9. Plaintiff Schroeder was sentenced to six years in prison and 12 years of supervision. He was released from prison on March 31, 2020. He is currently on supervision, which ends in 2025.

10. He presently lives in a Temporary Living Placement (TLP) in Waukesha, Wisconsin, but he seeks to move to Muskego to live with a friend of 20-plus years who owns a home in the City and has invited Plaintiff to reside with her. He is prohibited from moving to his friend's home or anywhere else in Muskego due to the restrictions imposed by the Ordinance.

11. The home at which Plaintiff seeks to reside is located within the Ordinance's prohibited zones because of its proximity within 1,250 feet of a public lake access.

12. Plaintiff has been told by Muskego officials that, even if he could find a home that is not within a prohibited zone, he cannot move to Muskego due to the Ordinance's Original Domicile Provision. In particular, in April 2020, soon after

Plaintiff's release from prison, Plaintiff emailed Muskego City Attorney Jeffrey Warchol and asked him if he could reside in the City of Muskego. Attorney Warchol responded, "unless you can show proof of residence at the time of your convictions, you would not be allowed to reside in the City of Muskego pursuant to the City's Sex Offender Ordinance. If you were able to show proof of domicile back in 2008, you would then be restricted to the areas outlined on the Sex Offender Residency Restriction Properties Legend which is attached to the online Ordinance." Schroeder sought reconsideration of Attorney Warchol's decision but Attorney Warchol stood by his earlier decision.

## COUNT I
## FOURTEENTH AMENDMENT
## SUBSTANTIVE DUE PROCESS

13. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation above.

14. An ordinance violates the Substantive Due Process Clause of the Fourteenth Amendment if it bears no rational relationship to a legitimate government purpose.

15. According to its preamble, the legislative purpose of the Ordinance is to protect children by "creating zones around places where children regularly gather in which sex offenders are prohibited from establishing residence."

16. The Ordinance violates the Substantive Due Process Clause of the Fourteenth Amendment because it is not rationally related to its legislative purpose of protecting children in three ways:

(1) The Ordinance subjects individuals who have never committed an offense against a child to housing restrictions that were enacted for the purpose of protecting children;

(2) The Ordinance imposes residential exclusion zones around an array of prohibited locations that are not geared towards children, including parks and conservation areas; public boat launches; libraries; and golf courses; and

(3) The Ordinance imposes residential exclusion zones of 1,250 feet around each of these locations, which effectively amounts to banishment from all habitable areas of the City.

17. These restrictions, individually and collectively, go far beyond the scope necessary to accomplish the legislative purpose of protecting children from individuals who have been convicted of sex offenses.

WHEREFORE, Plaintiff requests that this Court:

A. Enter a declaration that §294-2 of the Ordinance, which subjects individuals who have never been convicted of an offense against a minor to housing restrictions that were enacted to protect minors, violates the Fourteenth Amendment to the U.S. Constitution on its face and as applied;

B. Enter a declaration that §294-3(A) of the Ordinance, which makes it illegal for individuals subject to the Ordinance to live within 1,250 feet of public libraries, parks/conservation areas, athletic fields used by children, aquatic facilities open to the public, and golf courses, violates the Fourteenth Amendment to the U.S. Constitution on its face and as applied;

C. Enter a preliminary and then a permanent injunction barring Defendant City of Muskego and its agents, servants, employees and attorneys from enforcing the Ordinance against Plaintiff;

D. Award Plaintiff nominal and compensatory damages;

E. Award Plaintiff his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and other applicable law; and

F. Grant such other relief as this Court deems just and proper.

# COUNT II
# FOURTEENTH AMENDMENT
# EQUAL PROTECTION CLAUSE

18. Plaintiff realleges and reincorporates, as though fully set forth herein, each and every allegation above.

19. The Ordinance violates the Equal Protection Clause of the Fourteenth Amendment because it differentiates between Offenders who were or were not domiciled in the City at the time of their most recent offense, without a rational basis for doing so.

WHEREFORE, Plaintiff requests that this Court:

A. Enter a declaration that §294-3(D), which prohibits anyone from living in Muskego who has committed a "sexually violent offense" who was not "domiciled in the City of Muskego at the time of the offense," violates the Equal Protection Clause of the U.S. Constitution on its face and as applied;

B. Enter a preliminary and then a permanent injunction barring Defendant City of Muskego and its agents, servants, employees and attorneys from enforcing the Ordinance against Plaintiff;

C. Award Plaintiff nominal and compensatory damages;

D. Award Plaintiff his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and other applicable law; and

E. Grant such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Mark G. Weinberg
/s/Adele D. Nicholas
*Counsel for Plaintiff*

Mark G. Weinberg
Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net

Adele D. Nicholas
Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com