IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RONALD SCHROEDER, | |
| Plaintiff, | |
| v. | No. 20-cv-1066 |
| CITY OF MUSKEGO, | Hon. Lynn Adelman |
| Defendant. | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE HIS FIRST AMENDED COMPLAINT *INSTANTER***

Plaintiff, by his attorneys, respectfully submits the following reply in support of his motion for leave to file his First Amended Complaint *instanter*. In support, Plaintiff states as follows:

**INTRODUCTION**

Plaintiff's proposed first amended complaint makes two changes from his original complaint: (1) it adds an additional legal theory under the *Ex Post Facto* Clause; and (2) it adds updated information regarding Plaintiff's living situation and his efforts to move to Muskego. ECF 13-1 (Plaintiff's proposed first amended complaint). On September 8, 2021, Defendant City of Muskego responded in opposition to granting Plaintiff leave to file his first amended complaint. ECF No. 15. The City makes three arguments for denying Plaintiff's motion, each of which is substantively deficient. First, the City argues that Plaintiff delayed in amending his complaint. Second, the City argues that it would be prejudiced by granting Plaintiff leave to file the amended complaint. And third, the City argues that leave to amend

should be denied because Plaintiff's *ex post facto* theory is "futile." Plaintiff addresses each in turn below.

## I. Defendant's Argument that Leave Should Be Denied Due to Delay In Amending his Complaint Is Unavailing

The City's argument that Plaintiff's motion should be denied based on undue delay in amending his complaint is unavailing for two main reasons.

First, it is unclear whether Defendant is arguing that Plaintiff's request to file his First Amended Complaint should be denied merely due to Plaintiff's delay in amending his complaint or whether Defendant is arguing that leave should be denied due to alleged prejudice that would result to Defendant from the delay. Defendant seems to be arguing both. *See* Def. Br. at 4 ("Here, Plaintiff has not thoroughly explained why this new claim was not added initially. In other words, the plaintiff has failed to produce any evidence or argument as to why he waited so long before filing this motion."); *see also id*. at 1 ("Given that this proposed amendment is predicated on undue delay, unfair prejudice to the defendant, futility in the pleading…") (distinguishing "undue delay" in amending the complaint from "unfair prejudice" caused by the proposed amendments to the complaint).

In fact, any argument that Plaintiff's delay in amending his complaint is in and of itself a basis for denying Plaintiff leave is misguided. A delay in amending a complaint is not a basis in and of itself to deny leave to amend; there must be found some prejudice which would result to others if leave were to be granted. *See George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 791 (7th Cir. 2011) ("Plaintiffs point out that delay alone is not a reason to deny a proposed amendment, and that delay

must be coupled with some other reason, such as prejudice to the defendants. The district court recognized this principle, however, and, in a detailed oral opinion, explained that plaintiffs' delay caused prejudice to both the defendants and the court.") (internal citation omitted). Accordingly, unless there is prejudice, the fact that Plaintiff waited until now to amend his complaint is not a basis for denying leave to amend. To the contrary, Fed.R.Civ.P. 15(a) provides that leave to amend should be given "freely … when justice so requires." Fed.R.Civ.P. 15(a); *see also Childress v. Walker,* 787 F.3d 433, 441 (7th Cir. 2015) ("[W]hile a court may deny a motion for leave to file an amended complaint, such denials are disfavored.") (citations omitted). As shown in Section II below, there is no prejudice here and Defendant's claims to the contrary are unsupportable.

There is a second and even more compelling reason why Defendant's argument is unavailing. The Seventh Circuit and the Supreme Court have repeatedly held that plaintiffs are not required to set forth in their pleadings any legal theories and that courts should decide cases based on any legal theory supported by the facts. *Johnson v. City of Shelby*, 574 U.S. 10 (2014) ("[A plaintiff] must plead facts sufficient to show that her claim has substantive plausibility. … Having informed the city of the factual basis for their complaint, they were required to do no more ..."); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[W]e have stated repeatedly (and frequently) that a complaint need not plead legal theories."); *Koger v. Dart*, 950 F.3d 971, 974-975 (7th Cir. 2020) ("Complaints plead grievances, not legal theories, and [plaintiff's] complaint spelled out his grievance …. What rule of

3

law, if any, those acts violated, was a subject to be explored in other papers, such as motions, memoranda, and briefs.")

Here, Plaintiff's original complaint spelled out his grievance—that he was banned from residing in Muskego due to the restrictions imposed by the challenged Ordinance. *See* ECF 1 at ¶12 ("Plaintiff has been told by Muskego officials that, even if he could find a home that is not within a prohibited zone, he cannot move to Muskego."). Tellingly, the City does not dispute that Plaintiff's *ex post facto* theory arises from this same grievance and the same core of facts. Thus, there is no basis for Defendant's claim that Plaintiff unduly delayed in amending his pleadings to add the *ex post facto* claim. He was not required to plead legal theories at all.

## II. Defendant's Assertions of Prejudice Are Unsupported and Meritless

Separate from its claim that Plaintiff unduly delayed in seeking leave to amend, the City argues that Plaintiff should be denied leave to file his First Amended Complaint because allowing the amendment would result in "unfair prejudice" or "undue delay." *See, e.g.*, Def. Br. at 4 ("Plaintiff's Motion for Leave to Amend the Complaint must be denied because it will result in undue delay and cause unfair prejudice to the City of Muskego."); *see also id.* at 1, 3, 5, 7. As shown below, the claims of "prejudice" and "delay" are mere assertions. Defendant has not, and indeed cannot, show any "undue delay" or "unfair prejudice" that would result from Plaintiff's being granted leave to file his amended complaint.

First, Defendant's claim that allowing the amendment will cause "undue delay" fails because Defendant has already conducted discovery concerning the only new

fact alleged in the First Amended Complaint—that is, that Plaintiff would like to reside with his friend Sharon Squires in Muskego. *See* ECF 13-1 at ¶11 ("Plaintiff currently seeks to live with his friend Sharon Squires in Muskego. Ms. Squires owns a home at W204S8208 Pasadena Drive in Muskego. This location is also within the Ordinance's prohibited locations."). Upon Plaintiff's disclosure of Ms. Squires as a witness, Defendant noticed Ms. Squires' deposition and deposed her on September 16, 2021. Thus, the claim that allowing the amendment would "delay" anything or cause "unfair prejudice" is false.

Second, the City's claim of "unfair prejudice" fails because it has not identified any different or additional discovery it wants to conduct regarding Plaintiff's *ex post facto* claim; nor does it identify any discovery it refrained from conducting based on Plaintiff's failure to assert the claim earlier.[1] Moreover, it should be noted that the City has not yet taken Plaintiff Schroeder's deposition and thus will have an opportunity to ask him questions relevant to the *ex post facto* theory when it does so.

## III. Defendant's Claims of Futility are Meritless

The City's final argument for denying Plaintiff leave to file his first amended complaint is "futility." Def. Br. at 6-7. Although futility is a basis upon which courts can deny leave to amend, that is only "if it appears to a certainty that plaintiff

---

[1] Defendant claims that it will suffer "unfair prejudice" because it "must completely re-strategize" to refute an *ex post facto* claim. Def. Br. at 5. But, as set forth above, Plaintiff was not required to plead legal theories at all. Therefore, as long as the City had fair notice of the factual basis for Plaintiff's complaint, that was all that was required to give it a fair opportunity to prepare its defense.

5

cannot state a claim." *Runnion ex re. Runnion v. Girl Scouts of Greater Chicago and N.W. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015). The Seventh Circuit has instructed that the "better practice" is to allow the amendment "regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim." *Id.* (*quoting* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1357 (2d ed. 1990)). Indeed, futility is rarely a proper basis for denying leave to file an amended complaint. *Runnion*, 786 F.3d at 520. Futility generally arises where a pleading would be unable to survive a motion to dismiss. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (when the basis for denial is futility, the court applies Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim for relief).

The City claims that the *ex post facto* claim is "futile" because Plaintiff's allegations are "conclusory" and lacking "factual allegations to support it." Def. Br. at 7. But in making this argument Defendant has cherry-picked one paragraph of the complaint and disregarded the remaining allegations that provide the factual basis for Plaintiff' *ex post facto* claim. As shown below, Plaintiff has not merely "stated a legal conclusion," but has alleged facts that, if proven, support judgment in his favor on his *ex post facto* claim.

### A. The Amended Complaint States an *Ex Post Facto* Claim

The *Ex Post Facto* Clause, U.S. Const. Art. I, §9, cl. 3, forbids retroactive punishment—that is, "the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred." *Weaver v. Graham*, 450 U.S. 24, 30 (1981). To prevail on a claim under the *Ex Post Facto* Clause, a plaintiff must establish that an enactment is both retroactive and punitive. *Vasquez v. Foxx*, 895 F.3d 515, 520 (7th Cir. 2018). Plaintiff's First Amended Complaint pleads facts that support this claim.

#### 1. Plaintiff Has Pled Facts Showing that the Ordinance Is Being Applied to Him Retroactively

The Supreme Court has defined a "retroactive" law as one that "attaches new legal consequences to events completed before its enactment." *Milwaukee Police Ass'n v. City of Milwaukee*, 856 F.3d 480, 483 (7th Cir. 2017) (*quoting Landgraf v. USI Film Prods.*, 511 U.S. 244, 269–70 (1994)).

The City claims that Plaintiff has simply stated without factual support that the ordinance "applies retroactively." Def. Br. at 7. But that is not the case. The complaint sets forth that the Ordinance classifies Plaintiff Schroeder as an "offender" who is subject to the challenged residency restrictions because of a 2008 conviction. ECF 13-1 at ¶¶7, 8. The Ordinance, which is attached as an exhibit to Plaintiff's original complaint and the First Amended Complaint, shows that the Ordinance was not enacted until May 2019, more than a decade after Plaintiff's conviction. ECF 1-1 at 6. Thus, Plaintiff has alleged facts showing that the challenged Ordinance is being applied to him retroactively.

### 2. Plaintiff Has Pled Facts Showing that the Ordinance Is Punitive

The Supreme Court has articulated several factors to assist courts in evaluating whether a regulation imposes punishment in violation of the Ex Post Facto Clause—namely, whether the statute (1) imposes what has been regarded in our history and traditions as a punishment; (2) imposes an affirmative disability or restraint; (3) promotes the traditional aims of punishment; (4) has a rational connection to a nonpunitive purpose; or (5) is excessive with respect to that purpose. *Smith v. Doe*, 538 U.S. at 97; *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963). Plaintiff's First Amended Complaint pleads facts that support a finding in his favor the *Smith* factors.

### a. Banishment Is Regarded as a Traditional Form of Punishment

The Supreme Court has long held that "banishment" from a community is a form of punishment. *Smith*, 538 U.S. at 98. Banishment was traditionally understood as expulsion from a community (*id.*), but courts have recognized that residency restrictions that fall short of a complete ban on stepping foot in the jurisdiction may still amount to banishment, particularly where, as here, the restrictions functionally bar a person from establishing a residence in a community. *See, e.g.*, *See Doe v. Snyder,* 834 F.3d 696, 701 (6th Cir. 2016); *In Re Taylor*, 60 Cal.4th 1019 (Cal. 2015); *Hoffman et al. v. Pleasant Prairie,* 249 F. Supp. 3d 951*,* 958 (E.D. Wis. 2017) ("As to the first factor, the Ordinance banished Plaintiffs from the Village").

As set forth in the First Amended Complaint, the Ordinance banishes Plaintiff from residing in Muskego. In particular, §294-2(D) of the Ordinance has what is

typically called an "original domicile provision," which prohibits anyone from establishing a residence in the City who has committed a "sexually violent offense" who was not "domiciled in the City of Muskego at the time of the offense resulting in the person's most recent conviction for committing the sexually violent offense." ECF 13-1 at ¶2(3). Pursuant to this provision of the challenged ordinance, Plaintiff is banned from living in Muskego because he did not live there at the time of his conviction. *Id.* at ¶¶13, 14. Furthermore, even if the original domicile clause were eliminated, the 1,250 foot exclusion zones around schools, parks, libraries, golf courses, and other locations set forth in §294-3 of the Ordinance are so restrictive that they "effectively amount to banishment from all habitable areas of the city." *Id.* at ¶¶2, 18. Thus, Plaintiff has alleged facts supporting his claim that the Ordinance constitutes banishment from the community.

### b. The Ordinance Imposes Disabilities and Restraints

Courts have repeatedly found that restrictions on where an individual can reside constitute an affirmative restraint. For example, the Sixth Circuit found that Michigan law imposed an "affirmative disability and restraint," writing that "regulation of where registrants may live, work, and loiter ... put significant restraints on how registrants may live their lives." *Snyder* at 703. Many other courts have reached the same conclusion:

- *Evenstad v. W. St. Paul*, 306 F.Supp 3d at 1091 (local ordinance that made it illegal for individuals who had been convicted of certain offenses to live "within 1,200 feet of schools, licensed day care centers, and state licensed residential care or housing with services establishments" violated *Ex Post Facto* clause);

- *Starkey v. Oklahoma Dept. of Corrections*, 305 P.3d 1004, 1023-25 (Okla. 2013) (restriction prohibiting offenders from residing "within a two-thousand-foot radius" of locations such as schools, parks and daycare facilities "impose[d] substantial disabilities" and therefore had "a punitive effect."); and

- *Commonwealth v. Baker*, 295 S.W.3d 437, 445 (Ky. 2009) ("We find it difficult to imagine that being prohibited from residing within certain areas does not qualify as an affirmative disability or restraint.")

Plaintiff has pled facts showing that he is banned from establishing a residence in Muskego because he was not domiciled there at the time of his offense. ECF 13-1 at ¶¶13, 14. Thus, Plaintiff has alleged facts supporting his claim that the Ordinance imposes affirmative disabilities and restraints.

### c. The Ordinance's Restrictions Are Excessive in Relation to any Non-Punitive Purpose

The last two factors in the *Smith* analysis are related. The court considers "whether the … statute [is] rationally connected to a nonpunitive purpose and whether its requirements [are] excessive with respect to that purpose." *Vasquez*, 895 F.3d at 522 (*citing Smith v. Doe*, 538 U.S. at 103).

Plaintiff has pled facts showing that the Ordinance is excessive in relation to any non-punitive purpose in at least three ways. First, the City's rationale for the Ordinance is to protect children by "creating zones around places where children regularly gather in which sex offenders are prohibited from establishing residence." ECF 13-1 at ¶17. Yet the Ordinance applies to Plaintiff and others who have never been convicted of an offense involving a minor. *Id.* at ¶¶2(1), 8. Second, the City imposes 1,250-foot banishment zones around locations that "are not geared towards children," such as "conservation areas; public boat launches; libraries; and golf

courses." *Id.* at ¶¶2(2); 18. Third, the Original Domicile provision is excessive because it does not simply prohibit persons who have been convicted of sex offenses from residing in places near where minors congregate, but bans them from residing in the City altogether. *Id.* at ¶¶13, 14.

For all of these reasons, the City's argument that Plaintiff has not pled sufficient facts to support his *ex post facto* claim fails and the City's request to deny Plaintiff's motion for leave to amend on the basis of "futility" should be rejected.

## IV. Judicial Efficiency Considerations Support Consideration of the *Ex Post Facto* Claim

Finally, it is in interest of justice to permit Plaintiff to amend his complaint. In particular, considerations of judicial efficiency mandate that the Court should consider both the due process and *ex post facto* theories in the same case. If the *ex post facto* arguments are not addressed here, Mr. Schroeder or another person who seeks to live in Muskego most likely will bring a separate lawsuit that would involve duplicative discovery and briefing to resolve the *ex post facto* questions. Such a duplicative proceeding would waste judicial resources. *See Clark v. Lacy*, 376 F.3d 682, 687 (7th Cir. 2004) (identifying "preservation of judicial resources" and avoidance of "piecemeal and duplicative litigation" as factors to be taken into account in determining whether to stay proceedings that raise parallel issues).

For all of the reasons set forth above and in his motion, Plaintiff respectfully requests that this court grant his Motion for Leave to File His First Amended Complaint *Instanter*.

Respectfully submitted,

/s/ Mark G. Weinberg
/s/Adele D. Nicholas
*Counsel for Plaintiffs*

Law Office of Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-3913
mweinberg@sbcglobal.net

Law Office of Adele D. Nicholas
5707 W. Goodman Street
Chicago, Illinois 60630
(847) 361-3869
adele@civilrightschicago.com